J-A13020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
VALENTINA SALAZAR :
:
Appellant : No. 1525 EDA 2021

Appeal from the Judgment of Sentence Entered July 8, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003386-2019

BEFORE:  OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                         **FILED JULY 13, 2022**

Appellant, Valentina Salazar, appeals from the Judgment of Sentence entered on July 8, 2021, after the court found her guilty of two counts of Driving Under the Influence—Controlled Substance ("DUI"). After careful review, we affirm.

Appellant's bench trial began on May 3, 2021. At trial, the Commonwealth presented evidence proving that on April 16, 2019, Appellant drove her car into a neighbor's vehicle, storage shed, and residence in Walnutport. Police arrived on the scene and found a burned marijuana blunt in Appellant's vehicle. Appellant admitted to smoking marijuana before

driving. Although Appellant alleged to have had a valid medical marijuana card, she was unable to produce it for the officers on the scene.[1]

On May 4, 2021, at the conclusion of Appellant's trial, the court convicted her of two counts of DUI.[2] The court sentenced her to 3 to 30 days' incarceration. Appellant timely filed a Notice of Appeal and both she and the trial court complied with Pa.R.A.P. 1925.

Appellant raises three issues for our review:

1. Did the trial court err in convicting the Appellant of DUI—controlled substance marijuana and marijuana metabolite where this "zero tolerance" statute contravenes the statutory immunity afforded "patients" under the Medical Marijuana Act?

2. Should the Appellant's DUI convictions for marijuana and marijuana metabolite be vacated where application of the strict liability standard would produce an absurd and unreasonable result?

3. Did the trial court err in concluding that the Appellant forfeited her immunity under the [Medical Marijuana Act] by smoking medical marijuana where she was otherwise in full compliance with this remedial statute?

Appellant's Br. at 4.

Appellant's issues are interrelated and, as a result, we address them together. In short, Appellant argues that her status as a lawful recipient of marijuana under the Medical Marijuana Act ("MMA") entitles her to immunity from prosecution for DUI related to marijuana use. *Id.* at 18-25. She

---

[1] Appellant explained at trial that she had lost the relevant card and, instead, she introduced into evidence a card valid from May 7, 2019, to May 7, 2020.

[2] 75 Pa.C.S. §§ 3802(d)(1)(i), (iii). Appellant's DUI convictions merged for sentencing.

challenges the trial court's determination that the MMA does not apply to Appellant because she did not strictly comply with the terms of the act.[3] *Id.* at 25-27.

Under the MMA, "use or possession of medical marijuana as set forth in this act is lawful within this Commonwealth." 35 P.S. § 10231.303(a). The MMA strictly circumscribes the use of medical marijuana in Pennsylvania and only applies when the user complies with the requirements of the act. *Id.* at §§ 10231.303(b) and 10231.304(b) (setting forth lawful and unlawful uses of medical marijuana), 10231.2103(a) (providing legal protection "for **lawful use** of medical marijuana . . . **in accordance with this act**[.]" (emphasis added)). *See*, *e.g.*, *Commonwealth v. Murray*, 245 A.3d 1119 (Pa. Super. 2020) (non-precedential decision) (finding that appellant was not entitled to any MMA protections due to his use of marijuana purchased outside the guidelines of the MMA).

Relevant to the instant appeal, it remains unlawful under the MMA to smoke marijuana. 35 P.S. § 10231.304(b)(1). Additionally, when in possession of medical marijuana, the patient "shall possess an identification card[.]" *Id.* at § 10231.303(b)(7).

The trial court found that because Appellant was not using medical marijuana in accordance with the MMA, she was not entitled to any potential

---

[3] "[O]ur inquiry focuses upon the meaning and application of [the MMA;] this Court's review is plenary and non-deferential." *Commonwealth v. Conklin*, 897 A.2d 1168, 1175 (Pa. 2006).

protections from prosecution that the MMA may afford. Trial Ct. Op., 7/26/21, at 3. It explained that "[b]y her own admission, [Appellant] was smoking marijuana on the date of the offense, up until two hours prior thereto[.]" *Id.* It further observed that Appellant "was unable to produce documentary evidence that she possessed, at the time of the offense on April 16, 2019, a valid medical marijuana patient card." *Id.*

We agree with the trial court's analysis that Appellant did not meet the requirements for any immunity that the MMA may provide. Appellant admitted that she ingested marijuana by smoking it on the day of the crash. This admission is corroborated by the evidence that the police found burned marijuana in Appellant's car. N.T. Trial, 5/3/21, at 24-25, 70, 73, 88-89, 100-01; N.T. Trial, 5/4/21, at 38, 40-41. Also, Appellant was unable to produce a medical marijuana card to accompany her possession of medical marijuana at the time of the crash. N.T. Trial, 5/3/21, at 29, 109; N.T. Trial, 5/4/21, at 34, 45-46.

Since Appellant ingested marijuana by smoking it and failed to possess a valid medical marijuana card on the date of the crash, she was not in compliance with the MMA. As a result, the MMA simply does not apply to the instant case and Appellant's claims related to the MMA fail.[4] We, thus, affirm Appellant's Judgment of Sentence.

_____

[4] We note that this Court recently reiterated that the MMA does not create an affirmative defense to DUI. ***Commonwealth v. Wagner***, No. 491 WDA 2021,
*(Footnote Continued Next Page)*

Judgment of Sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>7/13/2022</u>

---

2022 WL 1016638 at *1 (Pa. Super. filed Apr. 5, 2022) (unpublished memorandum). We explained that "although the MMA legalized the 'use or possession' of medical marijuana, the [Controlled Substance Act] and Motor Vehicle Code still render it illegal for a person to **drive** a motor vehicle with marijuana or its metabolites in their blood." *Id.* at *7.